**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DONALD L. VOS, | ) | CASE NO. 4:10 CV 741 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| RICHARD CORDRAY, *et al.*, | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

*Pro se* plaintiff Donald L. Vos filed this action under 42 U.S.C. § 1983 against Ohio Attorney General Richard Cordray, Assistant Ohio Attorney General Jodi Elias Nyahay, Assistant Ohio Attorney General Deon Dicenceo, Ohio Secretary of State Jennifer Brunner, Columbiana County Prosecuting Attorney Robert Herron, Columbiana County Sheriff Ray Stone, the Columbiana County Municipal Court, Columbiana County Municipal Court Judge Mark Frost, Columbiana County Municipal Court Judge Carol Ann Robb, Columbiana County Municipal Court Prosecutor Donald Humphrey, Jr., Columbiana County Common Pleas Court Judge Ashley Pike, Columbiana County Probate Court Judge Thomas Baronzzi, the Salem Humane Society, Salem Humane Society President Jenny Pike, Salem Humane Society Employee Jan Palmer, the law firm of Holland and Muirden, Attorney J. Jeffrey Holland, The Trust Created by Item 4e Paragraphs 7 and 9 of the Will of Robert M. Atchison, Deceased ("the Trust"), Trustee Donald L. Vincent, Stevie Halverstadt, Jefferson Gough, and Grace Wells. Mr. Vos claimed that the Salem Humane Society was not a proper Humane Society under the Ohio Revised Code. He asserted violations of his Fourth, Fifth, Ninth, Tenth, Eleventh and Fourteenth

Amendment rights, as well as multiple state law causes of action, and sought $38,000,500.00 in damages.

On May 5, 2010, this Court issued an Order notifying plaintiff that his Complaint may be subject to dismissal for failure to state a claim upon which relief may be granted. Mr. Vos was ordered to amend his complaint by May 23, 2010 to set forth a cognizable claim for relief. He was notified that if a legally sufficient amended complaint was not filed within the time permitted, this action would be dismissed. *Catz v. Chalker*, 142 F.3d 279 (6th Cir. 1998); *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983).

Mr. Vos filed his Amended Complaint on May 21, 2010. This 96-page pleading lists the same defendants and claims violations of his Fourth, Fifth, Ninth, Tenth, Eleventh and Fourteenth Amendment rights. He once again includes multiple state law causes of action. He seeks $38,000,500.00, and an Order requiring Ohio Attorney General Richard Cordray to file a Quo Warranto action to dissolve the corporate status of the Salem Humane Society.

**Background**

Mr. Vos provides very few factual allegations in his pleadings. It appears that he entered into a contract to purchase land from Jefferson Gough in 2005. He claims he made payments to Mr. Gough but did not get receipts. A dispute arose concerning the amount of money still owed on the property, and Mr. Gough refused to deed the property to Mr. Vos. The relationship continued to deteriorate until 2008, when Mr. Vos claims Mr. Gough called the Salem Humane Society to report that Mr. Vos's horses were not being treated properly.

2

Mr. Vos alleges that "Jan Palmer acted as a county humane officer being clothed as a county humane officer by Probate Court Judge Baronzzi, which was not valid as Jan Palmer works for a non profit corporation under Section 1702.01 et seq." (Am. Compl. at 63.) He claims she "trespassed on the private property of the Plaintiff while acting under the color of law" when she lacked the legal authority to do so. (*Id*.) He contends Ms. Palmer ordered him to give her two animals or face criminal prosecution. He states he gave her the animals and was still prosecuted. The Salem Humane Society filed a criminal complaint against Mr. Vos in the Columbiana County Municipal Court. He contends fines were levied against him, he was placed on probation, and property was taken from him.

Mr. Vos claims the Salem Humane Society is not a legitimate Humane Society under Ohio law. He contends it is organized as a non-profit corporation under Ohio Revised Code § 1702.01, rather than as a Humane Society under Ohio Revised Code § 1717.05. Mr. Vos asserts that, because the organization did not comply with Ohio law, it lacked authority to carry out the functions of a humane society and violated his constitutional rights. He contends the Ohio Attorney General, the Ohio Secretary of State, the Columbiana County Sheriff, and the Columbiana County Probate Court Judge had a duty to pursue an action against the Salem Humane Society to dissolve the organization and to stop his criminal prosecution on charges of animal cruelty.

**Analysis**

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion[ ]" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)), *cert. denied*, 528 U.S. 1198 (2000). The claims asserted in this action satisfy these criteria.

As an initial matter, Mr. Vos has not set forth a valid federal claim. He indicates he is bringing this action under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). He fails to establish either of these criteria to sustain a federal cause of action.

I. State Actors

Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. Grace Wells, Jefferson Gough, Stevie Halverstadt, Donald Vincent, the Trust, J. Jeffrey Holland, and the law firm of Holland and Muirden are not government officials or entities. They are private parties. A private party may be found to have acted under color of state law to establish the first element of this cause of action

4

only when the party "acted together with or has obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved exclusively to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974).

Vos claims Grace Wells posted a sign on a power pole and made calls to the Salem Humane Society urging it to act against him. He claims Mr. Gough should have deeded land to him and that Gough also called the Humane Society to urge that action be taken against him. He alleges Mr. Halverstadt wrote a letter to the newspaper stating his belief that Mr. Vos lacked compassion for horses. Mr. Vincent is the Trustee of a Trust which benefits the Humane Society, and Mr. Holland and his law firm represent the Humane Society. None of these allegations suggests these defendants engaged in activities under color of state law.

## II.  Official Capacity Claims - Eleventh Amendment

Although Richard Cordray, Jodi Elias Nyahay, Deon Dicenceo, and Jennifer Brunner are state government officials, Mr. Vos cannot assert claims against them in their official capacities. A suit against a public servant in his or her official capacity imposes liability on the office he or she represents. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). Because the entity represented by these defendants is the State of Ohio, the Eleventh Amendment bars suits for damages against them in their official capacities. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir.), *cert. denied*, 546 U.S. 935 (2005).

### III. Individual Capacity Claims

Mr. Vos also failed to assert a claim against these defendants in their individual capacities. He bases his claims on the premise that the Ohio Secretary of State and the Ohio Attorney General failed to assure that the Salem Humane Society was properly organized under Ohio law. These actions alone fail to state a claim for a constitutional violation. Whether State officers have violated State procedures is a question of State law which does not provide a basis for a federal cause of action. *See, e.g.*, *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.), *cert denied*, 509 U.S. 907 (1993).[1] "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Id.* Rather, for Mr. Vos to sustain a cause of action against these defendants under 42 U.S.C. § 1983, he must allege facts to show that each defendant was personally involved in the activities which violated his federal constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381, at *1 (6th Cir. Sept. 20, 1995).

Although Mr. Vos generally contends all of the defendants were indirectly responsible for the search of his property by Humane Society personnel, the Complaint simply contains no facts which reasonably demonstrate that the Ohio Secretary of State, the Ohio Attorney General and/or his Assistants personally participated in these actions.

---

[1] *Overruling on other grounds recognized*, *Oliver v. Sundquist*, 11 Fed. Appx. 570, 572 (6th Cir. 2001).

6

IV. <u>Municipal Liability</u>

In addition, Mr. Vos cannot sustain an action for damages against the Columbiana County Municipal Court. It is not a legal entity capable of being sued; that is, it is not *sui juris*. A court is merely "a place in which justice is judicially administered[;] [. . .] [i]t is the exercise of judicial power[.]" *Pankey v. Court of Common Pleas*, No. 10CA19, 2010 WL 1088394, at * 1 (Ohio App. 5 Mar. 16, 2010) (quoting *Todd v. United States*, 158 U.S. 278, 284 (1895)). Vos's claim against the Municipal Court is properly construed against Columbiana County.

Section 1983 does not permit a plaintiff to sue a local government entity on the theory of respondeat superior. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). A plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Id*. A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id*. A city's custom or policy can be unconstitutional in two ways: 1) facially unconstitutional as written or articulated, or 2) facially constitutional but consistently implemented to result in constitutional violations with explicit or implicit ratification by city policymakers. *Id*. Where the identified policy is itself facially lawful, the plaintiff "must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." *Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 407 (1997) (citation omitted). Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious

7

consequence of his action." *Id.* at 410. In other words, the risk of a constitutional violation arising as a result of the inadequacies in the municipal policy must be "plainly obvious." *Id.* at 412; *see also Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir.1997), *cert. denied sub nom City of Florence v. Chipman*, 523 U.S. 1118 (1998).

Mr. Vos, however, does not allege facts demonstrating that Columbiana County had a policy that violated his federal constitutional rights. He alleges the Muncipal Court allowed the Salem Humane Society to file criminal complaints when it is not organized under the correct provision of the Ohio Revised Code. As stated above, this is a question of State law. It does not translate into a federal constitutional issue simply because the County could be construed as a state actor. Mr. Vos does not provide any facts that suggest the County may have engaged in other activities which could form the basis of a constitutional claim.

## V. Judicial Immunity

Mr. Vos cannot assert claims for damages against Columbiana County Municipal Court Judge Mark Frost, Columbiana County Municipal Court Judge Carol Ann Robb, Columbiana County Common Pleas Court Judge Ashley Pike, or Columbiana County Probate Court Judge Thomas Baronzzi. Judicial officers are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome

only in two very limited situations: 1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or 2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116 (citing *Mireles*); *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority.

Mr. Vos contends that the Judges permitted the Salem Humane Society to act as a Humane Society even though it was not properly organized under Ohio law. Clearly these defendants were acting as judges when these decisions were made and Mr. Vos does not suggest the court lacked subject matter jurisdiction over the matter. He does not have recourse against the judges for damages under 42 U.S.C. § 1983.

## VI. Prosecutorial Immunity

Columbiana County Prosecutor Robert Herron and Columbiana County Municipal Court Prosecutor Donald Humphrey, Jr. are also immune from damages. Prosecutors are entitled to absolute immunity from damages for initiating a prosecution and in presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993), *cert. denied*, 512 U.S. 1237 (1994). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor were constrained in making every decision by the potential

consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. *Imbler*, 424 U.S. at 424-25; *Skinner*, 463 F.3d at 525. Absolute immunity is therefore extended to prosecuting attorneys when "the actions in question are those of an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, *Imbler*, 424 U.S. at 431, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor[.]" *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002). The immunity also reaches beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in "initiating [. . .] judicial proceedings," *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir.), *cert. denied*, 531 U.S. 877 (2000), or "undertak[ing] the defense of a civil suit," *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990).

In this instance, the challenged actions of Columbiana County Prosecutors Robert Herron and Donald Humphrey, Jr. were all intimately associated with the judicial phase of Mr. Vos's prosecution. Consequently, these defendants are entitled to absolute immunity.

### VII. Failure to State a Claim

In addition, Mr. Vos fails to state a claim upon which relief may be granted against Columbiana County Sheriff Ray Stone. He alleges Mr. Stone "failed to check the past actions of the last Sheriff as to allow the Salem Humane Society Inc. to run around the County

10

with the colors of the Sheriff under color of law." (Am. Compl. at 26.) He further states that "once Ray Stone was shown the writted [sic] law, Ohio Revised Code, he acted on the law and made the Salem Humane Society Inc., remove the colors of the Sheriff." (*Id*.) He asserts, as he does for every defendant, that the Sheriff violated his Fourth, Fifth, Ninth, Tenth, Eleventh, and Fourteenth Amendment rights. This conclusory recitation is insufficient to support a claim under 42 U.S.C. § 1983.

> Under Federal Rule of Civil Procedure 8(a)(2),
>
> a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

*Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

There is nothing in the pleading that reasonably connects Sheriff Ray Stone to any of the legal claims the plaintiff mechanically lists for each defendant. His claims against Sheriff Stone do not meet the pleading requirements of Rule 8.

### VIII.  The Salem Humane Society

Mr. Vos's federal law claims against the Salem Humane Society, Humane Society President Jenny Pike, and Humane Society employee Jan Palmer must be dismissed. To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege his federal constitutional rights

11

were violated by a person acting under color of state law. Ironically, the basis of Mr. Vos's claims against these defendants is that they were not state actors. If the Court accepts that this organization and its employees are not state actors, they are not subject to suit under § 1983.

If the Humane Society and its employees are considered to be state actors for purposes of Section 1983, the plaintiff must still demonstrate that their actions deprived him of one or more constitutional rights. He claims the Salem Humane Society "failed and refused to become a valid count humane society because to do so would cause them to give up the right to the trust created by item 4e paragraphs 7 and 9 of the will of Robert M. Atchison, deceased[.]" (Am. Compl. at 55.) He contends the Salem Humane Society allowed its employees to perform acts delegated only to organizations incorporated under the Ohio Revised Code § 1717.05 when it was incorporated solely as a non-profit corporation. He asserts the same claim against Salem Humane Society President, Jenny Pike.

These allegations fail to set forth a valid claim under 42 U.S.C. § 1983. First, the failure to incorporate under a particular section of the Ohio Revised Code is not a constitutional violation. Moreover, Mr. Vos has not provided any indication that a private right action exists against the defendants on this basis. Furthermore, the Salem Humane Society and President Jenny Pike cannot be held liable for the actions of their employees. Respondeat superior is not a proper basis for liability under § 1983. *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845 (1984). The liability of supervisors cannot be based solely on the right to control employees, nor on "simple awareness of employees' misconduct." *Leary,* 349 F.3d at 903; *Bellamy,* 729 F.2d at 421. In order for liability to attach to any of these supervisors, Plaintiff must prove that they did more than play a passive role in the alleged violations or show mere tacit approval of the goings on. *Id.*

Plaintiff must show that the supervisors somehow encouraged or condoned the actions of their inferiors. *Id.*; *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995). There are no allegations in the Complaint that suggest the Salem Humane Society or its President Jenny Pike engaged in activities which violated Mr. Vos's federal constitutional rights.

Mr. Vos also fails to state a claim for relief against Jan Palmer. He claims that Ms. Palmer searched private property without a warrant claiming to act under color of law, and seized animals for fraudulent conversion. He contends he was told that, if he gave her two of his animals, criminal charges would not be filed. He allowed the animals to be confiscated but was nevertheless prosecuted on charges of animal cruelty.

These allegations are insufficient to satisfy the pleading requirements of Rule 8. A pleading that offers labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S.Ct. at 1949. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*.

There are simply not enough facts in the Complaint to set forth a facially plausible claim for liability against Ms. Palmer.

## IX.  State Law Claims

Finally, this Court declines to hear Mr. Vos's numerous State law claims.

13

Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed plaintiff's federal law claims, this Court declines jurisdiction to hear plaintiff's State law claim.

## Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: June 16, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

14